854 F.2d 1316
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Henry DONAGHY, Plaintiff-Appellant,
v.
NEW YORK LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 88-3926.
 United States Court of Appeals, Fourth Circuit.
 Argued June 20, 1988.
Decided Aug. 1, 1988.
 
 Mark A. Michael, Greene and Michael on brief, for appellant.
 Philip Marshall Van Hoy (Mullins & Van Hoy on brief) for appellee.
 Before JAMES DICKSON PHILLIPS and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This is an appeal from the partial dismissal of a claim brought under the Age Discrimination in Employment Act (ADEA). Appellant Donaghy filed a claim with the EEOC charging his former employer, New York Life Insurance Company, with age discrimination with respect to promotion and termination. The district court ruled that the promotion claim was not timely filed and dismissed it. Donaghy challenges that decision.
 
 
 2
 * Donaghy had been with New York Life since 1958. In early 1983, he was transferred to its Charlotte, North Carolina office in the position of associate general manager. In March 1986, the general manager of that office retired. New York Life selected a 44 year old man to succeed the outgoing manager instead of Donaghy who was 55 years old at the time. Donaghy believed that he was more qualified for the position and that he had been passed over because of his age.
 
 
 3
 Despite the decision and his admitted knowledge that he had to do something to protect his rights under the ADEA, Donaghy did not file an EEOC complaint within 180 days of the promotion decision as required under the ADEA. He claims to have been most concerned about his overall job security and to have decided that it was not advisable to risk termination by filing a claim if his job was indeed secure. He made inquiries of New York Life executives about his employment status and, after being assured that he would not be fired, he decided against filing a claim challenging the promotion decision.
 
 
 4
 In September of 1986, Donaghy was terminated. In January 1987, within the 180 day filing time, he filed an age discrimination complaint with the EEOC with respect to his termination. He later amended the claim to include a charge of discrimination with respect to the 1986 promotion decision.
 
 
 5
 Donaghy filed this suit in July 1987. New York Life answered and moved to dismiss the promotion claim under Fed.R.Civ.P. 12, arguing that it was time barred. Donaghy responded to the motion by filing an affidavit and memorandum of law addressing the timeliness issue. His submissions made clear that he claimed equitable considerations had tolled the filing period and his affidavit contained the following explanation of the basis for his claim of equitable estoppel:
 
 
 6
 When I found out I would not be made manager, I was aware, in a very general way, that age discrimination was illegal and that I had to do something to protect my rights. I considered the option of filing a charge of age discrimination. However, I would soon have four children in college, and, at the time, I had 27 1/2 years with New York Life; I did not wish to put my future with the company at risk. After discussing the matter with my wife, I decided I would live with the situation--but only if I were sure that my job was not in jeopardy. I was not willing to do nothing and simply hope for the best--if my job was not secure, I was ready to fight.
 
 
 7
 I therefore contacted Mark Crowley, who was a Vice President of New York Life. This conversation took place in March of 1986, after Joe Hogan had been named general manager. Mr. Crowley knew that I had not been chosen for the position of manager. I told him that I was evaluating all of my options since I had been passed over, and told him I needed to know whether or not my job was in jeopardy. He assured me that my job was safe even though I had not been promoted. This was the same thing I had been told earlier by Mr. Jerry Hinricks, a senior vice president of New York Life, when I had earlier made inquiries of him in connection with a "golden handshake" that New York Life had offered to older employees in December of 1985.
 
 
 8
 Based upon the representation of Mr. Crowley that my employment was secure, I did not file a charge of discrimination with the EEOC. Six months later, in September of 1986, I was fired.
 
 
 9
 The reason I did not file a charge of discrimination in March of 1986 when I was passed over was because, in response to specific inquiries I made of company officials, I was falsely assured that my job was safe and I would not be terminated.
 
 
 10
 After considering the parties' submissions, the district court granted New York Life's motion dismissing the promotion claim. Donaghy then successfully moved for leave to dismiss without prejudice his remaining claim for discriminatory discharge.
 
 
 11
 This appeal followed.
 
 II
 
 12
 In Price v. Litton Business Systems, Inc., 694 F.2d 963 (4th Cir.1982), this court applied the Ricks-Chardon rule to a claim brought under the ADEA. See Chardon v. Fernandez, 454 U.S. 6 (1981) and Delaware State College v. Ricks, 449 U.S. 250 (1980). Under that rule, the 180 day filing period within which a complainant under the ADEA must file a charge of discrimination with the EEOC "runs from the time at which the employee is informed of the allegedly discriminatory employment decision, regardless of when the effects of that decision come to fruition." Price, 694 F.2d at 965.
 
 
 13
 Donaghy correctly notes that equitable principles can be applied to toll the filing period, but in Price we made clear that this exception was to be narrowly applied:
 
 
 14
 The statute of limitations will not be tolled on the basis of equitable estoppel unless the employee's failure to file in timely fashion is the consequence either of a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge.
 
 
 15
 Id. And we specifically stated that "[a]n employee's hope for ... a continuing employment relationship ... cannot toll the statute absent some employer conduct likely to mislead an employee into sleeping on his rights." Id. at 965-66 (citations omitted).
 
 
 16
 Donaghy argues that New York Life's confirmation of his hope for continuing employment following its failure to promote him meets this requirement. Such conduct, however, is no different than that in Price where the employer promised that all reasonable efforts would be made to find a suitable position for the fired employee somewhere else in the company. Here, as in Price, there is nothing equivocal about the challenged employment decision. Further, as Donaghy frankly conceded in oral argument, there was no explicit promise that he would continue to be employed in return for his forbearance in filing an EEOC charge with respect to the promotion decision. Ricks-Chardon makes clear that the employee cannot sit on his rights for fear of rocking the boat. The protection for the employee who must make the difficult decision to challenge his employer is a claim for retaliatory discharge.
 
 
 17
 We agree with the district court's conclusion that Donaghy's promotion claim was not timely filed and that the circumstances of this case do not warrant the application of equitable estoppel to toll the filing period. We therefore affirm.
 
 
 18
 AFFIRMED.